BARBARA J. JOHNSON-WATERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson-Waters v. Commissioner
Docket No. 3164-92
United States Tax Court
T.C. Memo 1993-333; 1993 Tax Ct. Memo LEXIS 336; 66 T.C.M. (CCH) 252; 62 Fair Empl. Prac. Cas. (BNA) 939; July 28, 1993, Filed *336 Decision will be entered under Rule 155. Barbara J. Johnson-Waters, pro se. For respondent: Jeanne Gramling. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax and additions to tax as follows: Additions to Tax Year
Deficiency Sec. 6653(a)(1)
Sec. 6661(a)
1988
$ 5,821
$ 291
$ 1,455
Concessions having been made by the parties, the issues for decision are: (1) Whether amounts received by petitioner as the result of a suit brought against her former employer are excludable from income under section 104(a)(2); (2) whether petitioner is liable for an addition to tax under section 6653(a)(1); and (3) whether petitioner is liable for an addition to tax *337 for substantial understatement of income tax pursuant to section 6661(a). Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Charlotte, North Carolina, at the time the petition was filed. Respondent's determination of deficiency is based in large part on a settlement received by petitioner from her former employer, Roadway Express, Inc. Petitioner's complaint was filed in the United States District Court, District of South Carolina, Greenwood Division, on February 23, 1988. The complaint alleged that the action was brought pursuant to 42 U.S.C. sections 1981, 1988, and 2000(e) et seq. (1988). Jurisdiction was invoked pursuant to 28 U.S.C. sec. 1343 (1988), title VII of the Civil Rights Act of 1964. Petitioner sought equitable and monetary relief for the denial to her of a promotion to terminal manager on or around November, 1985. The first cause of action alleged a violation of Title VII of the Civil Rights Act due to gender discrimination and sought to place petitioner in the position which had *338 been denied her. Petitioner sought recovery for lost wages, lost benefits, lost retirement, lost future wages in the event that reinstatement was not ordered, out of pocket expenses, costs of the action, and attorney fees. In the second cause of action in her complaint, petitioner claimed the same relief as was claimed in the first cause of action of the complaint, alleging a violation of Title VII of the Civil Rights Act, due to race discrimination. Finally, in the third cause of action of her complaint, petitioner claimed the same relief as was claimed in her first and second causes of action of the complaint, including "emotional harm, humiliation and embarrassment, loss of civil rights," and attorney's fees pursuant to 42 U.S.C. sec. 1988. Petitioner entered into a Release and Settlement Agreement with Roadway Express, Inc. on September 21, 1988. Petitioner received $ 22,000 plus an amount which equaled 6 weeks of pay and Roadway received a release of all claims by petitioner plus her resignation from the company. The 6 weeks' pay was based upon current salary in the amount of $ 665 per week for a total amount of $ 4,020. Income taxes *339 were withheld from the 6 weeks' pay so that the amount received by petitioner was $ 2,659.14. Only the $ 22,000 amount remains in dispute. The gravamen of petitioner's complaint against Roadway was for the recovery of compensation to which she would have been entitled had she received the promotion to the position which was denied her. In a letter to counsel for Roadway from counsel for petitioner, dated October 26, 1988, counsel for petitioner allocated the $ 22,000 settlement as follows: Costs and out of pocket expenses
$  1,500
Emotional damages
10,000
Humiliation and embarrassment
3,000
Release of potential state claims
1,500
Attorney's fees
6,000
$ 22,000
We deem petitioner's letter prepared by her counsel to be a self-serving statement on behalf of petitioner to mitigate petitioner's Federal tax liabilities and, therefore, give it no weight. Determinations made by respondent in a notice of deficiency are presumed to be correct. The burden of proof is on the taxpayer to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Respondent determined that the $ 22,000 settlement should *340 be allocated as follows: Back pay including bonuses
$ 11,000
Attorney's fees
6,000
Cost of litigation
1,500
Includible in income
$ 18,500
Excludable as damages received
attributable to a tort claim
3,500
Total
$ 22,000
Section 61(a) provides that gross income means "all income from whatever source derived". Section 104(a)(2) provides, in relevant part, that gross income does not include damages received on account of personal injury or sickness. Section 1.104-1(c), Income Tax Regs., provides that: The term "damages received (whether by suit or agreement)" means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution.
The Supreme Court recently held that proceeds received in settlement of a Title VII claim are taxable. United States v. Burke, 504 U.S.    , 112 S. Ct. 1867 (1992). Burke's claim was brought pursuant to 42 U.S.C. sec. 2000(e) et seq. (1988). The Court held that since Title VII limits the available remedies to back *341 pay and other injunctive relief, there is no redress of a tort-like personal injury within the intendment of section 104(a)(2). Consequently, any proceeds received from a Title VII claim must be included in gross income. Cf. Downey v. Commissioner, 100 T.C.    (June 29, 1993), involving damages received in settlement of an action brought under the Age Discrimination in Employment Act. It is noted that Burke addresses Title VII claims brought prior to the enactment of the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071, effective November 21, 1991, amending Title VII. The case at bar involves Title VII prior to the 1991 amendments. Petitioner, as in Burke, supra, brought an action under 42 U.S.C. sec. 2000(e), Title VII. In addition, she brought suit under 42 U.S.C. secs. 1981 and 1988. Respondent has conceded that a part of the settlement included damages for a tort-type injury pursuant to 42 U.S.C. sec. 1981. [2]
*342 Respondent determined how the settlement proceeds should be allocated. Petitioner's only proof as to the allocation was a self-serving letter drafted by her attorney. We find it unreasonable that none of the settlement recovery was allocated to back pay, particularly since back pay and lost wages constitute the major claims of petitioner's complaint. One matter not adequately addressed by respondent is the allocation of attorney's fees and costs. We assume that the attorney's fees and costs were paid in proportion to the amount of the damages includable in and excludable from gross income. In order to calculate the amount excludable as attorney's fees and costs attributable to the tort-type recovery, the following calculation should be made: Damages received for tort claim divided by Total damages received multiplied by Total Attorney's Fees & Costs $ 3,500 divided by $11,000 + $ 3,500 X $ 7,500 = $ 1,810 The resulting number will be the amount of excludable attorney's fees and costs relating to the tort-type recovery. This amount is in addition to the excludable amount for the tort claim already conceded by respondent. The total fees and costs, less the excluded tort claim *343 fees and costs, represent the portion of attorney fees and costs allocable to the Title VII recovery. This amount may be claimed as a deduction on Schedule A. Upon reviewing the entire record, we find respondent's above-referenced allocation to be reasonable and consistent with the evidence submitted in this case. Accordingly, we sustain respondent's determination with the exception of the calculation of excludable attorney's fees and costs as mentioned above. Respondent has determined that petitioner is liable for the addition to tax for negligence or intentional disregard of rules or regulations pursuant to section 6653(a)(1). Negligence is defined as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under similar circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Our review of the record in this case convinces us that petitioner relied upon what she reasonably believed to be competent legal advice in excluding the amount in issue from gross income and is not liable for the addition to tax under section 6653(a)(1). Section 6661(a) provides for an addition to tax if there is a substantial *344 understatement of income tax. The amount of section 6661 addition to tax after October 21, 1986, is equal to 25 percent of the amount of the underpayment attributable to the substantial understatement. Omnibus Budget Reconciliation Act of 1986, Pub. L 99-509, sec. 8002, 100 Stat. 1951; Pallottini v. Commissioner, 90 T.C. 498, 501-502 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). The understatement is reduced if it is based on substantial authority or is adequately disclosed on the return or in a statement attached to the return. Sec. 6661(b)(2)(A). The record does not show that petitioner had substantial authority for excluding from gross income the amount of income which we have determined was unreported or that there was adequate disclosure thereof. Thus, if the Rule 155 computation reflects a substantial understatement within the meaning of section 6661(b)(1), the 25-percent addition provided by section 6661(a) will apply. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See Goodman v. Lukens Steel Co., 482 U.S. 656 (1987), in which the Supreme Court held that actions pursuant to 42 U.S.C. sec. 1981↩ could address tort-type injuries.